UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SARAH NATHREEN NAKANWAGI, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:24-cv-10051-JEK |
| COMMONWEALTH OF MASSACHUSETTS, et al. | ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER**

**KOBICK, J.**

Plaintiff Sarah Nathreen Nakanwagi, who is representing herself, commenced this action by filing a complaint against the Commonwealth of Massachusetts ("Commonwealth"). ECF 1. On August 8, 2024, the Court issued an order dismissing certain claims and directing Nakanwagi to file an amended complaint if she wished to proceed with the remaining claims. ECF 5. The Court stated that, with regard to the remaining claims, the Massachusetts Bay Transportation Authority ("MBTA") and the Department of Transitional Assistance ("DTA"), rather than the Commonwealth, were the proper defendants.

Nakanwagi has since filed an amended complaint in which she names the Commonwealth, the MBTA, and the DTA as defendants. Upon review of the amended complaint, the Court hereby orders:

1.  The Commonwealth is DISMISSED as a defendant in this action for the same reasons identified in the Court's August 4, 2024 order.

2.  Counts 2-5, 9, and 11 of the amended complaint—in which Nakanwagi brings claims under the Fourteenth and Thirteenth Amendments, the Spending Clause, and the Privileges

and Immunities Clause of the Constitution—are DISMISSED. As the Court explained in its August 4, 2024 order, 42 U.S.C. § 1983 authorizes lawsuits alleging federal constitutional violations, but states, like Massachusetts, are not subject to suit under that statute. ECF 5, at 6-7. For the same reason, agencies of the Commonwealth, such as the MBTA and the DTA, are not subject to suit under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Tyler v. Massachusetts*, 981 F. Supp. 2d 92, 95 (D. Mass. 2013).

      3.      The Clerk shall issue a summons for the MBTA and the DTA. Nakanwagi is responsible for serving the amended complaint, summons, and this order on each defendant in compliance with Rule 4(j)(2) of the Federal Rules of Civil Procedure.

      4.      Nakanwagi must complete the aforesaid service within 90 days of the date of this order. Failure to complete service in a timely fashion may result in dismissal of this action without prior notice to Nakanwagi. *See* L.R. 4.1 (D. Mass.).

      5.      Because Nakanwagi is proceeding *in forma pauperis*, she may elect to have service completed by the United States Marshals Service ("USMS"). If Nakanwagi chooses to have service completed by the USMS, she shall provide the agency with all papers for service on each defendant and a completed USM-285 form for each recipient. She must provide these papers to the USMS well before the service deadline. The USMS shall complete service as directed by Nakanwagi with all costs of service to be advanced by the United States. The Clerk shall provide Nakanwagi with USM-285 forms and instructions for service by the USMS.

      SO ORDERED.

/s/ Julia E. Kobick
Julia E. Kobick
United States District Judge

Dated: October 3, 2024